3-50453 U.S. v. Rosales, and we'll begin with Dennis Hester for Rosales. Thank you, your honors. May it please the court and good morning. This case involves a very narrow circumstance where the mere fact of a supervised release sentence is owed to a prior sentence that is illegal on its face. This court's precedent, specifically the Willis case from 2009, says that such sentences are plainly unreasonable and must be vacated. I'd like to start with what the parties agree on based on the briefing. First off, we agree that the 2019 revocation sentence that the sentence that we are challenging today is based upon exceeded the statutory maximum, and the 2019 sentence violated this court's precedent. In the Vera case, which is cited in our briefing, it violated 18 U.S.C. 3583H. We also agree that this error is plain on the face of the 2019 judgment. Okay, well then that's why I'm really wondering if it's so plain, so plain, so plain, so plain, why has everybody waited this long to bring it up? I can't speak to what the prior attorneys for Mr. Rosales saw or missed, but I can only say when I reviewed this record and I looked at that 2019 judgment, it jumped out to me that this violates this court's precedent in Vera because what the court did is impose the maximum term of supervised release available plus a prison term in Vera's case. Isn't the fact that no one raised it before a problem for you now? No, because Willis says specifically, and again, I'm not challenging the 2019 sentence. I want to make that so clear today. We are not challenging the 2019 sentence. We are challenging the current sentence because the mere fact of its existence, to use the terms of Willis, the mere fact of its existence is based on a sentence that the parties recognize is illegal and is illegal on its face and violated the statutory maximum, the court acted without congressional authorization, and that the 2019 sentence violated the statutory maximum is agreed upon by the parties. Another thing we agree upon is that the conduct that Mr. Rosales was sentenced for in the case that we are challenging today and the sentence we're challenging today happened seven months after his legal term of supervised release would have expired. So if the court had sentenced him properly within the statutory maximum, he would have been off supervised release by seven months when he committed the conduct that he was violated for and sentenced to two years in prison for. But he thought he was still under supervised release and he still committed a crime. Yes, yes. So he was, I mean, there's no doubt that judgment says you were on supervised release for 36 months. No doubt about that. There's equally no doubt about it that that judgment violated the statutory maximum. And all we are saying today is that to sentence him to two years in prison based on that is plainly unreasonable. And Willis opens this really very narrow path, okay? This hasn't come up too much in this court. This very narrow path in this very rare situation that says this situation is plainly unreasonable. And so the Senate should be vacated and not just remanded, just vacated, okay? Why shouldn't we remand for the district court to consider whether Willis applies here? Because your opponent doesn't think so. Your opponent is agreeing that 2019 was wrong, but thinks that this is collaterative. Okay, so it, this is not a collateral attack. We, again, we're attacking the current sentence and that's it. We're not trying to change the 2019 sentence. In fact, there's nothing to change. He's already served that sentence. So to do a collateral attack, you would have to have standing. He doesn't have standing to do that. So we're not trying, just as in Willis, nothing to change about the sentence that everyone recognizes violated the Constitution. But to answer your question, I'm not sure that I did, Judge Haynes. To answer your question, you shouldn't remand because of what happened in Willis. And Willis said in this situation, you just vacate the statute. There is no reasonable sentence that the district court could impose given the fact that the mere existence of this case is based on a sentence that violated the statutory maximum. I said previously, this has very rarely come up since Willis, which was decided in 2009. One situation when it did come up is the Fuentes case, and that happened in 2018. And I think, and Fuentes distinguished Willis on multiple grounds. And I think reading Willis with Fuentes demonstrates that Mr. Rosales' case is materially like Willis, in all material respects, is just like Willis. And therefore, the sentence here is plainly unreasonable. So in Willis, and I've used this phrase, the mere fact of the sentence couldn't exist without the original error that everyone recognized. That's the situation in Willis because it was a double jeopardy violation. And so the original conviction, he received two convictions for essentially one offense, for one felon in possession of a firearm offense. And so the court said in Willis, sorry, when he was revoked in Willis, the court imposed two consecutive 24-month sentences based on his two convictions, one of which was a double jeopardy violation. And the court said, look, there's no doubt that the current sentence is plainly unreasonable because it is also duplicitous on its face, since it's based on a double jeopardy violation. And the mere fact of it couldn't exist without the original violation. That's the situation here. In Fuentes, that wasn't the situation because it was an ACCA challenge. And all Fuentes was doing was really challenging the length of his supervised release sentence and not the mere fact that it was even available to the court. Also in Willis, the prior sentence was illegal on its face, and it was illegal at the time it was given under existing precedent versus Fuentes, which only became questionably legal years later based on intervening Supreme Court precedent. So in Fuentes, the sentence at the time was entirely fine, but it only became questionably legal based on intervening Supreme Court precedent. Um, that is unlike this case because at the time Willis received his sentence, Vera was controlling, uh, and it was, so it violated the law at the time it was imposed, which is a difference from Fuentes and makes this case just like Willis. I'll point out, um, I think in the government supplemental briefing, they spent some time trying to argue that this is a collateral attack, and they say that it's a collateral attack on the prior conviction because this case is more like Fuentes. Well, if this case, Fuentes also was just a challenge to the reasonableness of the sentence. Fuentes wasn't a collateral attack either. So, um, if this case is more like Fuentes, it's still not a collateral attack. Um, and then I will point out in the government supplemental briefing on page 9 and 10, it says that if this is not a collateral attack, their previously filed motion to vacate should be granted. So I want to emphasize again, I would like to emphasize that we are not attacking the 2019 sentence. All we're saying today is that the current sentence is plain. Well, obviously our court requesting supplemental briefing was concerned about whether this is a collateral attack, whether this is something we have, uh, jurisdiction to consider. Yes. So that's why y'all had to brief that. And when the U.S. took a look at that, they tended to have a concern about it and didn't think we have jurisdiction over it. So that is an issue, obviously. Right. It's an issue. And I think just a simple reading of Willis and even Fuentes is going to show this isn't a collateral attack. We're seeking this very narrow path that Willis laid, um, to challenge the reasonableness of this sentence. But isn't there just kind of a final, final on a, on a, um, conviction, if you haven't properly appealed it, you didn't get the habeas, you didn't this, you didn't that, and that's over, then being able to challenge it seems a little funny. It is over, Judge. And just like the sentence in Willis was over and wasn't challenged, and we're not challenging the 2019 sentence here either. So it is over. There's nothing to change about it. But what we're saying is that given what everyone recognizes, um, that this sentence exceeded the statutory maximum to, um, to then exacerbate, to use the language of Willis, that original error with more prison time is unreasonable. That's all we're saying, that it is plainly unreasonable. And as I said, this is not something that comes up much. Uh, it's a very unique scenario. The prior sentence needs to be plainly, uh, it needs to be apparent on the face of the judgment that the prior sentence . . . Don't lawyers need to be paying attention? With all due respect, I think that's a question for the lawyer who handled his 2019 revocation probably should have brought that up. Um, and they should, he should have, he or she should have paid attention to that. Um, I am just here to say this was, is plainly unreasonable to sentence a citizen to two more years in prison based on something that we all recognize violated the court's authority to impose a sentence because they, the court imposed the sentence beyond the statutory maximum. So all we're saying is that is unreasonable. Uh, I would like to move on briefly to issue two, which is our argument that, um, the current sentence, again, not a collateral attack, the current 2023 sentence was imposed without jurisdiction because once Mr. Rosales served the full statutory sentence that was his sentence ends as a matter of law. So that would have happened in April of 2022. That's seven years before, seven years, I'm sorry, seven months, excuse me, before he committed the conduct that he was violated for. Of course, his conspiracy case is properly decided. Not challenging that. And by the way, he was sentenced to 160 months in prison for that. I mean, he did commit a crime at least as found by the court. Yes. And he pled guilty to that was sentenced to that given 160 months in prison where he sits in prison today. All we're saying is that to stack an additional two years on, I understand that two years is a lot more than, but still it's not as if he didn't do anything. No, I'm not saying we're not saying that. I mean, he stood in court and pled guilty and accepted responsibility for that and received a very significant sentence. To return to the subject matter jurisdiction issue though, our argument here is that once he served the legal portion of the sentence, that sentence is done. Okay. So the Henry case talks about sentences that exceed congressional authorization, and they are a nullity from the outset. It uses that phrase, nullity from the outset. It cites to Supreme Court precedent dating back decades that parses out illegal portions of sentences and leaves the rest to stand untouched. So to do that here means Mr. Rosales finished his term of supervisor release, April of 2022, seven months before he committed this conduct. Any other outcome gives authority to a portion of the sentence that everyone recognized exceeded the statutory maximum, and the court does not have jurisdiction to do that. I'll reserve time. Thank you. You've saved time for rebuttal, and we'll now hear from Lauren Bradley for the U.S. May it please the court, Lauren Tanner Bradley for the United States. There is no dispute in this case that the original term of supervised release exceeded the statutory maximum by eight months, but for that excess, Rosales would not have been subject to revocation when he was trafficking in methamphetamine. And Rosales' entire appeal is premised on this fact, and this court's precedent precludes relief on that ground. And that's because this court has long held that defendants cannot collaterally attack a prior sentence in a revocation proceeding. Their exclusive remedy is direct appeal of that sentence and then a habeas petition. Rosales did not— But since this was so obvious, why didn't your side of the world recognize it and raise it? Because y'all obviously have ethics to raise things that are improper, even when you're talking about your opponent, the defendant criminal. Well, our motion to vacate originally analyzed the legality of that 2019 sentence without considering the impediments to relief on that ground. No, I'm saying why in the 2019 did your team not find this? This is so, quote, obvious, and yet no one seems to have seen it, and y'all have the duty to find when something is improper. And it was missed, and these things are missed, and these mistakes happen, and that is why Congress has provided many, many opportunities to correct these kinds of mistakes. So Rosales could have objected at the revocation proceeding, the first one. He could have filed a direct appeal. He could have been petitioned under 2255 for habeas relief. He could have even, upon being released and beginning to serve that supervised release term, he could have moved to modify the supervised release term. And really, no one is more incentivized than a defendant who is facing the deprivation of his liberty. And it was on him to do this. The government does its best to identify these kinds of errors and provide relief when it can, but that relief cannot be provided once you have violated the terms of a presumptively valid supervised release term. But even if it's presumptively valid, but it turns out to be totally illegal, why should he have to follow it? Well, there is nothing in the procedure provided by Congress or the Constitution that allows these kinds of orders to be nullified by operation of law. That's, that, you know, these orders have to be judicially set aside through the appropriate process. Otherwise, they are valid and they stand. The Henry case that's being cited for this proposition of a nullification by operation of law, that's a case that actually interprets Rule 35 as it stood in 1983. Rule 35 at that time allowed for a court to correct an illegal sentence at any time. That language is no longer in Rule 35, as this court well knows. And there is nothing in the procedure that Congress has provided that allows for us to just nullify judicial sentences and if we did allow that, it would provide intolerable uncertainty, as this court said in Franciscane, because we wouldn't have any idea who is actually subject to supervised release at that time. And, um, and also, it actually— Well, your opponent though is arguing that it has to be obvious, not something that happens later that undoes something or something that you have to like really do a million days of research and all that. He said this is very obvious and that's what he's focused on. What about you? Whether it's obvious or not, you still have to go through the appropriate channels. That there's an, there's a lot of case law in this circuit and in other circuits that talks about how habeas provides the exclusive remedy here. And, and there's, there's a lot of reasons for that. So first of all, if you grant relief in this case, you're allowing Rosales to circumvent a very detailed procedure provided by Congress as to how and when a defendant can seek relief from, uh, from a sentencing error. As this court said, once something is final, it is final. And, and finality is a very important interest for this court and our judicial system. What's your best distinguishment of Willis? Willis is a situation in which you had a, a second consecutive revocation sentence that was itself a violation of the double jeopardy principles. So that case, we think of revocation as being a part of the penalty to the original sentence. And so by imposing additional prison term for the same offense, that is in itself a multiplicitous sentence and that is a materially distinguishing, distinguishable fact from Willis. I'll also point out this court has never extended Willis. Never. We have a lot of case law citing to Willis as preventing collateral attacks in this case. And in Willis, the court said this wasn't an impermissible collateral attack. It's not a collateral attack at all. He's challenging the reasonableness of this sentence. Um, there are other facts in Willis also. So in Willis, there was no need to disturb the underlying sentence. If you grant relief to Rosales in this case, you necessarily have to invalidate that prior revocation sentence. There's no way to get around it. And that is an impermissible collateral attack. Um, I also want to talk about just briefly the, the burdens that this will impose on district courts. That finality is important. We will not know what kind of collateral attacks can be raised, uh, in a supervised release proceeding. We'll have to start litigating this one by one, right? And, and, and that will create a lot of uncertainty for the district courts. It also diminishes the utility and the attractiveness of supervised release, incentivizing courts to impose longer prison terms to avoid this kind of collateral attack on a prior sentence. And more importantly, it rewards rule breakers. So this would be Rosales, who knowingly violated the terms of his supervised release. At the time of his arrest, he told officers that he was still on papers, that he had a month left to go. So Rosales knew that he was subject to the court's supervision and he violated those terms anyways. And, and by allowing him to collaterally attack that underlying sentence, you're giving him a procedural avenue to attack the individuals who continue to serve their supervised release terms without violating, do not have, they do not have that advantage. So that's actually an unfair result for those who continue to abide by supervised release. Uh, I want to point out also that this case is not unique. This result is not unique. The, um, Rosales cites in his reply brief at page nine, footnote one, the Estrada case from the Ninth Circuit, the Whitley case from the case that is, that rejected very similar arguments, um, and said, this is not something that you can bring as a collateral attack. But y'all originally joined in them to send it back. And so it was only because, uh, people on this court asked the question that you're now making this argument, but you didn't think that at the time or your team didn't think that at the time. So it doesn't seem so horrific because you all were willing to give him that. And as I said before, when we originally looked at this case, we looked at the legality of the 2019 rev, revocation order, and we failed to consider the impediments to relief on that ground. It was missed. And then once this court ordered that supplemental briefing, reconceptualizing the issues in this case, we then considered this impermissibility. And in fact, you know, having analyzed it further, realized that this really is not something that he can bring and he cannot seek relief on this ground. And you know, our apologies to the court for not having perceived that sooner, but it doesn't change the fact that this is a jurisdictional bar and this is not the appropriate forum for analyzing these issues now. I have a question. Yes. Clearly at the time he was revoked and when he was sentenced for the additional drug crime, he was assessed additional points on his criminal history for having committed a crime while on supervised release. That sentence was challenged. It was later reduced and is not an issue here. So as a practical matter, is Mr. Rosales going to serve any additional time as a result of this error? No, he will not. When the court imposed the second supervised release order, revocation order, it was with no supervised release to follow. So this is not a situation that is going to recur. He will serve supervised release on the conviction for the conspiracy, conspiring to traffic methamphetamine. But with respect to this, the sentence from his felon in possession charge, he will have no supervised release to follow after this term. But the sentence of the two years is not concurrent. Correct. Correct. Yes. Correct. And so once he has completed that 24 month consecutive term, he will have no supervised release. But he will add that to the 160 if we don't. Correct. But nothing that they have raised questions the reasonableness of that sentence. Again, this is all premised on a faulty premise that the supervised release term itself was invalid without having pursued the appropriate forms of relief. Oh, I understand that that's what they're objecting to, that two years would be fine if it was a valid supervised release. But if it's not, then two days is not valid. Right. But again, like this court said, once it's final, it's final. And again, we want to incentivize individuals to pursue their rights diligently. And in this case, but I mean, they're arguing that they're not trying to change 2019. What they're trying to do is change the current sentence based on something that's illegal. And again, there's no authority for saying that this is nullified by operation of law. You have to go through those proper channels and your failure to do so leaves you with a final judgment. And there's nothing plainly erroneous on the part of the district court for relying on that presumptively valid judgment to revoke an individual. You're saying that the attack, even though Mr. Rosales is saying he's not attacking his 2019 revocation sentence, his attack on his 2023 revocation sentence necessarily is an attack on the 2019 because it's part of that 2019. Yes, of course. Yes, absolutely. And it's really just a matter of artful pleading here that Mr. Rosales recognizes that you can't, you know, it's well established that you can't collaterally attack the judgment. And so what Mr. Rosales has done here is he's created an artful way of sort of circumventing that rule to say, well, I'm not really challenging my 2019 revocation order. I'm actually challenging the 2023, but there's no way to achieve the result that he desires without invalidating that 2019 order. It's all premised on the same fatal flaw that the 2019 order was unlawful. And that order is not unlawful until it is judicially set aside through the appropriate process. And what case says that? I think that this court's Franciscine case from 1975 can be relied on that proposition. I'm just going to cite that. Where basically this court has said that the district court has jurisdiction over this order until it is judicially set aside. I think that is at page 828 of the Franciscine opinion. And there's a lot of other, I mean, this is well established in the case law. You can rely on this proposition in Henson, Moody, Judd, and then also in the Ninth and Fourth Circuit authorities provided by Mr. Rosales. And he concedes in his briefing that other courts reach a different result and reject this very argument. If there are no further questions, I would just say that accordingly the 2019 revocation order is final until otherwise set aside and the district court retained jurisdiction to revoke those supervised release terms and did not plainly error by revoking based on a valid, a presumptively valid order. Thank you. All right. Thank you. We'll hear the rebuttal. Thank you, Your Honor. There's nothing artful or anything about what I'm arguing. I'm just looking right at Willis, okay? Right at the Willis case, which acknowledges it's by now well established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction. So everyone agrees on that. I agree with that. I agree with that. Here, however, Willis does not challenge the validity of the two underlying convictions. Indeed, he's already served the two original terms of imprisonment, just like Mr. Rosales has already served this 2019 sentence that exceeded the statutory maximum. That sentence is done. We're not attacking that. Back to Willis. His appeal does not seek to disturb either the multiplicitous underlying conviction or the multiplicitous original sentence. Instead, he challenges the reasonableness of the second revocation sentence. That's all I'm doing here. And then what Willis does is goes on to say, look, when the parties agree that the original sentence, just as we, just as Ms. Bradley stood up and agreed just now that the original sentence violated the law, to sentence someone to two more years in prison when that sentence wouldn't even be available if the court had followed the law in the first place is unreasonable. It is plainly unreasonable. And that's all our argument is. Habeas is not the only remedy here. Willis sets out a remedy to challenge the current sentence. You don't have to challenge the underlying or change the underlying sentence. Not asking you to do that. Willis talks about that. Yes, you can't change the underlying sentence, but this is unreasonable. What's your response to Ms. Bradley's contention that, well, this is just going to make it horrific every time the district court's trying to do anything? I would say Willis has been law in this circuit since 2009. How many times has this come up? This has come up in Fuentes in 2018, nine years later, and it's come up in this court. So this is just an extremely rare situation where the parties agree, the government agrees, prior it violates the Constitution on the face of the judgment. We can't be incarcerating people any further based on a violation like that. So you're saying you're only arguing for the face. It has to be really, really extreme and obvious, et cetera, et cetera. That's what Willis says. That's what Willis... But that's what you're arguing. Yes, and I'm saying that... Opponent feels like this is just flopping everything around on supervised release situations. Flopping around, I'm sorry. Well, making it hard on district courts and anything. They can't rely on what they're looking at and so on and so forth, and that was her concern, and I'm asking your response to that. I don't see that. I see this setting out... Not even setting new precedent, this case. I'm just asking you to follow Willis where the violation is very clear on the face of the judgment that to further incarcerate is plainly unreasonable. Ms. Bradley distinguished Willis. Would you respond to that? That this case is on all fours with Willis, and I addressed that extensively in my briefing. Both cases... In both cases, it's... And Willis is... You will see Willis saying, look, we limit this holding to cases that are similar in all material respects or language of that effect. This case is in all material respects the same because the mere fact of the sentence we're challenging today couldn't exist unless the court violated the Constitution in 2019. Um, so just like in Willis, that's the case... Fuentes, by the way, which distinguished Willis, was really just a challenge to the length of the new supervised release term. I think a close reading of these two cases and comparing it to Mr. Rosales' case, you're going to see that this case is on all fours with Willis and is in all material respects the same as Willis. Yes, Willis was a double jeopardy violation. This is beyond the statutory maximum. Both of those are very, very serious violations of the Constitution. A sentence beyond the statutory maximum raises all sorts of issues with due process, with separation of powers, cruel and unusual punishment. That's all cited in my brief. And I do see my time has expired. I thank the court, um, for giving me the opportunity to argue for Mr. Willis. I ask that you vacate this sentence. Thank you. Thank you. And you were court appointed. We appreciate that and we appreciate your opponent as well. Um, our next argument is a class four and so we are going to take...